UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
:
MRS. BLOOM'S DIRECT INC. et al., :
:
                Plaintiffs, :   No. 18-CV-8041 (OTW)
:
    -against- :   **OPINION & ORDER**
:
MONICA LUNA SAAVEDRA, :
:
                Defendant. :
:
---------------------------------------------------------------x

      **ONA T. WANG, United States Magistrate Judge:**

      Before the Court is a dispute whether the Court has proper removal jurisdiction over this case. Although Plaintiffs did not file a motion to remand, the Court can *sua sponte* terminate a case whenever a lack of subject-matter jurisdiction is found. *See Bernstein v. Universal Pictures, Inc.*, 517 F.2d 976, 979 (2d Cir. 1975). Because the face of Plaintiffs' complaint only lists a fraud cause of action, on October 24, 2018, the Court directed the parties to brief whether this Court has subject-matter jurisdiction. (ECF 7). For the reasons listed below, the Court concludes that subject-matter jurisdiction does not exist here and that the case was improperly removed.

    **I.**    **Background**

      Plaintiffs, owners of a flower business, were initially sued by their former employee, Defendant Luna Saavedra ("Ms. Saavedra"), in a separate federal lawsuit for failure to provide overtime compensation.  *See Saavedra v. Mrs. Bloom's Direct, Inc.*, Case No. 17-CV-2180 (OTW) (S.D.N.Y. Mar. 26, 2017). Plaintiff attempted to introduce evidence of Ms. Saavedra's immigration status at trial, but my predecessor, the Honorable Andrew J. Peck, granted the

*motion in limine* to preclude such evidence. (ECF 1-1 ¶ 9). During the bench trial, the parties reached a settlement, with the agreement and Judge Peck's *Cheeks*[1] approval of the settlement both placed on the record. (ECF 25 ¶ 16). Months later, Ms. Saavedra notified the Court that Plaintiffs were refusing to comply with the settlement agreement and had failed to make any of the agreed-upon payments. *Saavedra*, No. 17-CV-2180, ECF 59. Plaintiffs responded that they would continue to refuse to make the settlement payments until Ms. Saavedra provided a valid Social Security number or other proof that she was not residing in the United States illegally. *Id.*, ECF 61. On May 24, 2018, the Court granted Ms. Saavedra's motion to enforce the judgment, finding "the law in this Circuit is clear that a plaintiff's immigration status has no bearing on her rights to recover unpaid wages under the FLSA or New York Labor Law." *Id.*, ECF 68 at 7 (citing *Madeira v. Affordable Hous. Found.*, 469 F.3d 219, 243 (2d Cir. 2006)).

The Court entered judgment against Plaintiffs in the amount of $25,000 plus post-judgment interest on May 25, 2018. (ECF 70). Approximately a month later, Plaintiffs then brought this action in New York Supreme Court, Westchester County against Ms. Saavedra for allegedly making fraudulent misrepresentations about her immigration status in order to be hired by Plaintiffs. (ECF 25 ¶¶ 22-23). Plaintiffs specifically alleged that before she was hired, Ms. Saavedra falsely stated that she was a legal permanent resident and that she had a valid Social Security number. (ECF 1-1 ¶¶ 4-5). As a result, Plaintiffs allege, they have been placed at risk of being prosecuted for violation of federal law for hiring an undocumented worker. *Id.* ¶ 12. Ms. Saavedra removed the action to this Court on September 4, 2018, asserting federal question jurisdiction. (ECF 1). In the notice of removal, Ms. Saavedra acknowledges that only a

---

[1] *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

state fraud claim is alleged, but argues that the action is a "frivolous Rule 60 motion couched in state law" that attempts to attack the previous federal court settlement and judgment. *Id*. ¶¶ 1, 7.[2]

## II. Subject Matter Jurisdiction

Ms. Saavedra removed the state court action to this Court based on federal question jurisdiction under 28 U.S.C. §1331. (ECF 1 ¶ 2). Ms. Saavedra argues that although the state court action was labeled a fraud claim, the allegations show that the complaint was actually "an improper collateral attack on a federal court judgment." *Id*. ¶ 7. In response, Plaintiffs argue that their complaint is indeed a true fraud claim that does not require federal law to resolve. *See Saavedra*, No. 17-cv-2180, ECF 90 at 11.[3]

The removing party must demonstrate original subject-matter jurisdiction on the face of the pleading. *See Jefferson County v. Acker*, 527 U.S. 423, 431 (1999) (noting that without a basis for federal jurisdiction in the complaint, "an anticipated or actual federal defense generally does not qualify a case for removal"). Here, Ms. Saavedra cites federal question jurisdiction, which encompasses "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Specifically, Ms. Saavedra asserts that Plaintiffs' suit

---

[2] While the Court agrees that the fraud claim is separate from a Rule 60(b) claim, the Court is skeptical that Plaintiffs have even brought a proper fraud claim. A fraud claim under New York law generally requires alleging a material misrepresentation of fact, knowledge that the representation was false, justifiable reliance, and injury caused by that representation. *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 291 (2d Cir. 2006) (citing *Kaufman v. Cohen*, 760 N.Y.S.2d 157, 165 (1st Dep't 2003)). Plaintiffs allege that their damages primarily stem from having to pay the settlement in the related wage-and-hour case, but as Plaintiffs admit, "these and other courts have concluded that a plaintiff's immigration status has no bearing on the ability to recover for FLSA and NYLL violations." *See Saavedra*, No. 17-cv-2180, ECF 110 at 8-9; *see also id*., ECF 84 (Nov. 19, 2018 Transcript) at 11:25-12:6 (acknowledging that undocumented status does not mean that Plaintiffs could illegally under-pay that employee).
[3] Plaintiffs mistakenly filed their subject-matter jurisdiction brief in the underlying related unpaid wages case, No. 17-cv-2180.

is "predicated upon the validity of a federal judgment, federal law and the conduct within a prior federal action." (ECF 1 ¶ 2). Federal jurisdiction does not lie, however, merely to protect a federal court order or to protect a federal court settlement agreement. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33-34 (2002); *see also Young-Smith v. Holt*, 575 F. App'x 680, 681 (7th Cir. 2014) ("fraud-on-the-court claims do not independently supply another federal court with federal-question jurisdiction if a federal law has not been violated").[4]

Plaintiffs' complaint alleges that Ms. Saavedra made fraudulent misrepresentations concerning her legal status when they initially hired her. (ECF 2-1 ¶¶ 4-7). Although Plaintiffs reference the initial federal court judgment, they do so only to demonstrate injury, not to support their claim of fraud.[5] *See Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005) (finding Rule 60-like claims fall under federal jurisdiction where the plaintiff is only seeking relief from judgment); *Cresswell v. Sullivan & Cromwell*, 668 F. Supp. 166, 170-72 (S.D.N.Y. 1987) (holding state fraud claim was separate from Rule 60(b) claim where the plaintiff sought damages for fraudulent inducement of the settlement rather than vacating the settlement).

The case cited by Ms. Saavedra, *Black v. Niagara Mohawk Power Corp.*, 641 F. Supp. 799 (N.D.N.Y. 1986), is distinguishable because there, the plaintiff was "attacking the validity of a federal judgment," for which relief can only be provided under federal law. *Black*, 641 F. Supp. 799 at 802 n. 3. In contrast, Plaintiffs' claim is more akin to the one in *Cresswell* because Plaintiffs are not disputing the settlement agreement's validity but are arguing Ms. Saavedra's

---

[4] Although using false Social Security numbers may violate a federal criminal law, Plaintiffs are not asserting a federal civil claim against Ms. Saavedra for that alleged violation. Nor is it clear that one exists.
[5] As Ms. Saavedra points out, Plaintiffs also references Judge Peck's preclusion of immigration status evidence at trial. (*See* ECF 2-1 ¶ 9). Plaintiffs, however, are not suing Judge Peck, are not seeking a reversal or vacatur of the decision, and are not alleging that Judge Peck's decision constitutes fraud. As a result, it is not a factual allegation related to Plaintiffs' claims and is thus irrelevant to determining federal question jurisdiction.

fraudulent misrepresentations caused damages.[6] To the extent that Plaintiffs allege that Ms. Saavedra used a false Social Security number and lied about her residency status, that can be adjudicated merely by comparing Ms. Saavedra's representations with judicially noticed documents and does not require an interpretation of federal law.[7] *See, e.g., Aguilar v. Service Lloyds Ins.*, No. 3:18-CV-2415-S-BK, 2019 WL 1300094, at *2 (N.D. Tex. Jan. 28, 2019) (finding no federal question jurisdiction despite allegation that false social security numbers were used); *Golden 1 Credit Union v. H & B Group*, No. 1:06-CV-1717 (OWW) (TAG), 2007 WL 1238734, at *6 (E.D. Cal. Apr. 27, 2007) (finding fraud claim did not raise federal question despite involving misrepresentations of social security numbers), *adopted by* 2007 WL 1574583 (E.D. Cal. May 30, 2007). Accordingly, because Plaintiffs' complaint contains no federal question, this Court lacks subject-matter jurisdiction over the case.[8]

### III.  Conclusion

Without original subject-matter jurisdiction, this case was improperly removed. Accordingly, the matter is hereby REMANDED to the New York Supreme Court, County of Westchester.

**SO ORDERED.**

|  |  |
|---|---|
|  | _s/ Ona T. Wang_ |
| Dated: September 27, 2019 | **Ona T. Wang** |
| New York, New York | United States Magistrate Judge |

---

[6] Plaintiffs instead filed a Rule 60(b) motion in the underlying related action, No. 17-cv-2180.
[7] Even if Ms. Saavedra were to later assert defenses of legal residency that require interpretation of federal immigration law, federal defenses on their own cannot confer federal question jurisdiction. *See Jefferson Cty,* 527 U.S. at 431.
[8] Diversity jurisdiction under 28 U.S.C. §1332 does not exist here either because Plaintiffs only seek damages of $50,000, less than the $75,000 amount-in-controversy requirement. (*See* ECF 1-1 at 5).